ORTIZ & ORTIZ, L.L.P.                          **Hearing Date:** August 4, 2016
32-72 Steinway Street, Ste. 402                **Hearing Time:** 3:00 p.m.
Astoria, New York  11103
Tel. (718) 522-1117
Fax (718) 596-1302
email@ortizandortiz.com
Norma E. Ortiz
Martha J. de Jesus
*Counsel to the Debtor-in-Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X

In re:
                                               Chapter 11

JOE'S PLACE OF THE BRONX, NY, INC.
                                               Case No. 15-12688-mg

                    Debtor.
----------------------------------------------------------X

## AMENDED
### NOTICE OF DEBTOR'S MOTION FOR AN ORDER GRANTING
### THE VOLUNTARY DISMISSAL OF CHAPTER 11 CASE

**PLEASE TAKE NOTICE**, that upon the annexed motion (the "Motion") of the above

captioned Debtor and Debtor-In-Possession (the "Debtor"), the undersigned will move this Court

before the Honorable Martin Glenn, United States Bankruptcy Judge, at the United States

Bankruptcy Court, One Bowling Green, Courtroom 523, New York, New York, 10004, on the 4th

day of August, 2016, at 3:00 p.m. for the entry of an order voluntarily dismissing this Chapter 11

case pursuant to Bankruptcy Code § 1112(b)(1) together with such other and further relief as is

just, proper and equitable under the circumstances.

**PLEASE TAKE FURTHER NOTICE**, that objections, if any, to the relief requested in

the Motion must be made in writing and (b) must be filed with the Clerk of the Bankruptcy Court

electronically at www.nysb.uscourts.gov.  If you do not have the ability to file an objection

electronically, the objection may be filed with the Clerk of the Court by presenting the Clerk

with a copy of the objection saved in .pdf format.  A copy of the objection must be provided to

(a) the Chambers of the Honorable Martin Glenn, (b) Debtor's counsel, at the address listed

below, and (c) all parties filing Notices of Appearance, so as to be received no later than seven

(7) days prior to the hearing.  The objection must comply with the Bankruptcy Rules and the

Local Bankruptcy Rules of the court and must state with particularity the legal and factual bases

for such objection.

Dated: Astoria, New York
      July 12, 2016

*S/Norma E. Ortiz*
Norma E. Ortiz, Esq.
Martha J de Jesus, Esq.
ORTIZ & ORTIZ, L.L.P.
3272 Steinway Street, Ste. 402
Astoria, New York 11103
Tel. (718) 522-1117
*Proposed Counsel for the Debtor*

ORTIZ & ORTIZ, L.L.P.
3272 Steinway Street, Ste. 402
Astoria, New York 11103
Norma E. Ortiz
Tel. (718) 522-1117
Fax (718) 408-9579
email@ortizandortiz.com
*Proposed Counsel for the Debtor*


UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X

In re:                                                                    Chapter 11

JOE'S PLACE OF THE BRONX, NY, INC.
                                                                          Case No. 15-12688-mg

                                    Debtor.
----------------------------------------------------------X

## DEBTOR'S MOTION FOR AN ORDER GRANTING
## THE VOLUNTARY DISMISSAL OF CHAPTER 11 CASE

TO THE HONORABLE MARTIN GLENN,
UNITED STATES BANKRUPTCY JUDGE:

Joe's Place of the Bronx, NY, Inc., (the "Debtor"), by its proposed attorneys Ortiz & Ortiz,

LLP, respectfully submits this motion for the entry of an order voluntarily dismissing this

Chapter 11 case pursuant to 11 U.S.C. § 1112(b)(1), together with such other and further relief as

is just, proper and equitable under the circumstances (the "Motion"). In support of this Motion,

the Debtor respectfully states as follows:

### BACKGROUND

1.      The Debtor filed a voluntary chapter 11 petition on September 30, 2015.

2.      No official committee of unsecured creditors has been appointed in this case.

3.      The Debtor remains in possession and continues to operate its business as a

debtor-in-possession.

4.       The Debtor owns and operates a restaurant located in Bronx County , New York.

The Debtor intended to utilize the protection of the Court to attempt to reorganize its affairs, but

has been unable to do so.  The amount of the secured and priority tax debt asserted simply

exceed the ability of the Debtor to resolve in this case.

5.       Due to the size of the tax claims filed against the Debtor, there are no

unencumbered assets available for distribution to unsecured creditors.  New York State asserts

no less than $2,768,000 in secured claims, and no less than $24,000 in priority claims.  The

Debtor's assets consist primarily of used furniture and equipment; their value is woefully less

than the amount due to the taxing authorities.

6.       The Debtor believes that its assets are wholly encumbered by the secured tax liens

from New York State.  As a result, a liquidation would not generate any payment to its

unsecured creditors.

## RELIEF REQUESTED

7.       By this Motion, the Plaintiff seeks entry of an order dismissing its Chapter 11

case pursuant to 11 U.S.C. § 1112.  That section provides in relevant part that the Court is

granted authority to dismiss a Chapter 11 proceeding if dismissal is in the best interests of

creditors and the estate.  See In re BH S & B Holdings, LLC, 439 B.R. 342, 346 (Bankr.

S.D.N.Y. 2010).  The Court has discretion in determining whether dismissal or conversion is

appropriate.  Id. (citing In re Ameribuild Const. Mgmt., Inc., 399 B.R. 129, 131 n. 3

(Bankr.S.D.N.Y.2009)).  Some factors the court may consider are:

   a.       Whether some creditors received preferential payments, and whether equality of
            distribution would be better served by conversion rather than dismissal.

b.      Whether there would be a loss of rights granted in the case if it were dismissed rather than converted.

c.      The ability of the trustee in a chapter 7 case to reach assets for the benefit of creditors.

d.      In assessing the interest of the estate, whether conversion or dismissal of the estate would maximize the estate's value as an economic enterprise.

e.      Whether any remaining issues would be better resolved outside the bankruptcy forum.

In re BH S & B Holdings at 346-47.

8.      Because of the size of its tax debt, the Debtor can not propose a plan of reorganization, and asserts that dismissal – as opposed to the conversion of its case to a Chapter 7 case – is in the best interests of its creditors.

9.      The Debtor has not made any preferential payments to some of its creditor and there will be no loss of rights to creditors if this case as dismissed instead of converted to Chapter 7.  Likewise, since the Debtor's assets are wholly encumbered by its tax liability, a Chapter 7 trustee would not be able to reach any assets for the benefit of unsecured creditors.

10.     The Debtor intends to attempt to reach a resolution of its tax liability outside of the bankruptcy forum and attempt to pay its creditors a portion of its debt through operations. The Debtor requests the Court find that dismissal – as opposed to conversion – will most likely lead to the greatest recovery to creditors: a conversion to Chapter 7 will not yield any returns to unsecured creditors and will add another layer of administrative expense to this case. E.g., In re Babayoff, 445 B.R. 64 (Bankr. E.D.N.Y. 2011) (stating that a court may find that where a trustee would impose an unaffordable burden, dismissal may well be in the estate's best interests.).  For these reasons, the Debtor believes the best interest of its creditors will be achieved by dismissing

its Chapter 11 case.

11.    Debtor served notice of this Motion upon all parties in interest and known

creditors of the Debtor.

WHEREFORE, the Debtor respectfully requests that the Court dismiss this Chapter 11

case and grant any other and further relief as is just and proper under the circumstances.

Dated: Astoria, New York
       July 12, 2016

**ORTIZ & ORTIZ, LLP**

*S/ Norma Ortiz*
Norma E. Ortiz, Esq.
Martha J. de Jesus, Esq.
ORTIZ & ORTIZ, L.L.P.
3272 Steinway Street
Suite 402
Astoria, NY 11103
Tel. (718) 522-1117
*Proposed Counsel to Debtor*

**PROPOSED ORDER**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
In re:

JOE'S PLACE OF THE BRONX, NY, INC.

Debtor.
---------------------------------------------------------X

Chapter 11

Case No. 15-12688-mg

## ORDER DISMISSING CASE PURSUANT TO 11 U.S.C. § 1112(b)

Upon the Motion to Dismiss Chapter 11 Case filed by Joe's Place of the Bronx, NY, Inc.,

(the "Debtor") dated July 13, 2016 (the "Motion"); a hearing having been held on the Motion on

August 3, 2016; proper notice having been given, and cause having been shown for the relief

requested, it is hereby

**ORDERED**, that the Motion is granted; and it is further

**ORDERED**, that the Chapter 11 case commenced by the above-captioned Debtor is

hereby dismissed  pursuant to 11 U.S.C. § 1112(b); it is further

**ORDERED**, that the Debtor shall pay to the United States Trustee the appropriate sum

required pursuant to 28 U.S.C. § 1930 and any applicable interest pursuant to 31 U.S.C. §  3717

within twenty (20) days of the entry of this order and simultaneously provide to the United States

Trustee an appropriate affidavit indicating the cash disbursements for the relevant period.

Dated: New York, New York
       August     , 2016

_____
HON. MARTIN GLENN
U.S. BANKRUPTCY JUDGE